UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WAYNE TERRY,

    Plaintiff,

v.                                      Case No. 19-cv-67

PLATO CONSTRUCTION, LLC,

RUSSELL PLATO, and

SCOTT PLATO,

    Defendants.

## COMPLAINT

### PRELIMINARY STATEMENT

1.     Plaintiff Wayne Terry brings this action against his former employers, Plato Construction, LLC, Russell Plato, and Scott Plato (collectively "Defendants") for violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and Wisconsin's wage and hour laws arising out of his employment by Plato Construction, LLC. During his employment by Defendants, Defendants misclassified Plaintiff Terry as an independent contractor, which resulted in Defendants' failure to compensate Plaintiff Terry at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty in a given workweek in violation of the FLSA and Wisconsin law.

2.     Plaintiff Terry brings this action pursuant to the FLSA for purposes of obtaining relief for unpaid overtime compensation, unpaid wages, back pay,

liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief that the Court may deem appropriate.

3. Plaintiff Terry also brings this action pursuant to Wisconsin's wage and hour laws for unpaid overtime compensation, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

4. Defendants' willful, dilatory, and unjust failure to compensate Plaintiff Terry at one and one-half times his regular rate for hours worked in excess of forty in a given workweek violates the FLSA and Wisconsin law.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*

6. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 as they are so related to the basis for the Court's original jurisdiction in this matter that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Western District of Wisconsin because a substantial part of the events giving rise to the claims occurred within the District and Defendants have substantial and systematic contacts in this District.

## PARTIES

8. Defendant Plato Construction, LLC is a Wisconsin Limited Liability Company with a principal place of business located in Wisconsin Rapids, Wisconsin. Defendant Plato Construction, LLC's registered agent for service of process in the State of Wisconsin is Russell Plato located in Wisconsin Rapids, Wisconsin.

9. Defendant Russell Plato is a resident of Wood County in the State of Wisconsin and is the owner of Plato Construction, LLC. At all times relevant to this Complaint, Russell Plato shared control over hiring, firing, and setting work hours and pay rates received by Plato Construction, LLC's employees – including Plaintiff Terry – with his son, Scott Plato.

10. Defendant Scott Plato in a resident of Wood County in the State of Wisconsin. Scott Plato is the son of Russell Plato and, at all times relevant to this Complaint, acted as the Construction Foreman for Plato Construction, LLC. In his role as Construction Foreman for Plato Construction, LLC, Scott Plato shared control over hiring, firing, and setting work hours and pay rates received by Plato Construction, LLC's employees – including Plaintiff Terry – with his father, Russell Plato.

11. Plaintiff Wayne Terry is an adult resident of Wood County in the State of Wisconsin. Plaintiff Terry was formerly employed by Defendants as a Carpenter/Laborer at times since approximately June 2016.

## GENERAL ALLEGATIONS

12. At times since January 24, 2016, Plato Construction, LLC has operated in the State of Wisconsin as contractor specializing in residential home construction.

13. At all relevant times since January 24, 2016, Russell Plato has been the owner of Plato Construction, LLC.

14. At all relevant times since January 24, 2016, Scott Plato has been the Construction Manager of Plato Construction, LLC.

15. Plaintiff Terry was employed as a Carpenter/Laborer by Defendants between approximately June 2016 and November 2017.

16. Defendants agreed to pay Plaintiff Terry an hourly rate of $15 per hour between June and November 2016 and $18 per hour between November 2016 and November 2017 for his work performed for Defendants.

17. Plaintiff Terry's duties while employed by Defendants included, but were not limited to, general carpentry such as framing stairs and walls, finishing trim, and installing insulation.

18. Defendants did not hire Plaintiff Terry to work on a specific jobsite or for a fixed time-period during his employment with Defendants. To the contrary, Plaintiff Terry worked on three separate, unrelated construction projects during his employment with Defendants.

19. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Plaintiff Terry was unable to set his own work hours while

4

performing work for Defendants but, rather, was required to work the hours set by Defendants.

20. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Defendants – usually through Scott Plato – exercised control over which tasks were performed, as well as the manner in which such tasks were performed, by Plaintiff Terry on a daily basis.

21. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Defendants required Plaintiff Terry to wear shirts bearing Plato Construction, LLC's logo name while on the jobsite.

22. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Defendants provided all of the tools and materials required by Plaintiff Terry to perform his work duties.

23. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Defendants paid Plaintiff Terry on a weekly basis for the hours of work performed by Plaintiff Terry in the preceding workweek.

24. At no time while Plaintiff Terry performed work for Defendants was Plaintiff Terry able to hire, fire, set pay rates, or set work hours for other employees working on Defendant's jobsites.

25. At no time while Plaintiff Terry performed work for Defendants was Plaintiff Terry required by Defendants to obtain insurance for the work performed at Defendants' jobsites.

26. At no time while Plaintiff Terry performed work for Defendants was Plaintiff Terry able to control the manner or nature in which work was performed in a way that affected Plaintiff Terry's opportunity for profit or loss.

27. At no time while Plaintiff Terry performed work for Defendants did he invest in any facilities or equipment to be used in connections with work performed at Defendants' jobsites.

28. At no time while Plaintiff Terry performed work for Defendants did Plaintiff Terry submit bids to perform work for Defendants.

29. At no time while Plaintiff Terry performed work for Defendants did Plaintiff Terry own or operate a business engaged in providing carpentry services similar to those that he performed for Defendants.

30. Plaintiff Terry regularly worked in excess of forty hours in various workweeks during his employment by Defendants.

31. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Russell Plato and Scott Plato shared operational control over all aspects of Plato Construction, LLC – including all human resources functions such as setting Plaintiff Terry's pay rates and work hours, processing Plaintiff Terry's payroll, and overseeing Plaintiff Terry's work on a daily basis.

32. Despite Defendants' knowledge that Plaintiff Terry regularly worked in excess of forty hours in a workweek while employed by Defendants,[1] Defendants consistently and regularly failed to compensate Plaintiff Terry at a rate of one and

---

[1] *See* attached Affidavits of Russel Plato and Scott Plato.

6

one-half times his regular rate for all hours worked in excess of forty in various workweeks during his employment by Defendants.

33. On information and belief, Defendants intentionally misclassified Plaintiff Terry as an independent contractor during his employment with Defendants in order to avoid paying Plaintiff Terry overtime wages as well as required state and federal taxes.

34. On information and belief, Defendants have not maintained complete and accurate time records for Plaintiff Terry as required by the FLSA and Wisconsin law.

35. Defendants' conduct, as alleged in this Complaint, was willful, dilatory, and unjust; was undertaken in bad faith; and has caused significant damages to Plaintiff Terry.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act – Unpaid Overtime Wages

36. Plaintiff Terry reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

37. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Plaintiff Terry was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.* as an employee of Defendants.

38. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Plato Construction, LLC was an employer of Plaintiff Terry within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

39. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Russell Plato was an employer of Plaintiff Terry within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

40. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Scott Plato was an employer of Plaintiff Terry within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

41. At all relevant times, Plato Construction, LLC was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

42. At all times during his employment for Defendants, Plaintiff Terry was engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

43. Plaintiff Terry is a victim of Defendants' compensation policies and practices in violation of the FLSA, by Defendants' failure to compensate Plaintiff Terry for all work performed, including payment of overtime premium compensation at one and one-half times his regular rate for each hour worked in excess of forty hours in any given workweek during his employment at Defendants.

44. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

45. Defendants are and were subject to the overtime pay requirements of the FLSA because Defendants were an enterprise engaged in commerce and/or

Plaintiff Terry was engaged in commerce during the course of his employment for Defendants, as defined by the FLSA, 29 U.S.C. § 203(b).

46. Defendants' failure to properly compensate Plaintiff Terry was willfully perpetrated and, as a result thereof, Plaintiff Terry is entitled to a three-year statute of limitations for recovery of his unpaid overtime wages under the FLSA, pursuant to 29 U.S.C. § 255(a).

47. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff Terry is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above, pursuant to 29 U.S.C. § 216(b).

48. Alternatively, should the Court find that Defendants are not liable for liquidated damages in this matter, Plaintiff Terry is entitled to an award of pre-judgment interest at the applicable legal rate.

49. As a result of the aforementioned willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiff Terry for which Defendants is liable pursuant to 29 U.S.C. § 216(b).

50. Pursuant to 29 U.S.C. § 216(b), Plaintiff Terry is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin's Wage and Hour Laws – Unpaid Overtime Wages

51. Plaintiff Terry reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

52. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Plaintiff Terry was an employee within the meaning of Wis. Stat. § 109.01(1r).

53. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Plaintiff Terry was an employee within the meaning of Wis. Stat. § 103.001(5).

54. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Plaintiff Terry was an employee within the meaning of Wis. Stat. § 104.01(2)(a).

55. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Plaintiff Terry was an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

56. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Plaintiff Terry was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

57. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Plato Construction, LLC was an employer of Plaintiff Terry within the meaning of Wis. Stat. § 109.01(2).

58. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Plato Construction, LLC was an employer of Plaintiff Terry within the meaning of Wis. Stat. § 103.001(6).

59. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Plato Construction, LLC was an employer of Plaintiff Terry within the meaning of Wis. Stat. § 104.01(3)(a).

60. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Plato Construction, LLC was an employer of Plaintiff Terry within the meaning of Wis. Admin. Code § DWD 272.01(5).

61. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Plato Construction, LLC was an employer of Plaintiff Terry within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

62. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Russell Plato was an employer of Plaintiff Terry within the meaning of Wis. Stat. § 109.01(2).

63. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Russell Plato was an employer of Plaintiff Terry within the meaning of Wis. Stat. § 103.001(6).

64. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Russell Plato was an employer of Plaintiff Terry within the meaning of Wis. Stat. § 104.01(3)(a).

65. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Russell Plato was an employer of Plaintiff Terry within the meaning of Wis. Admin. Code § DWD 272.01(5).

66. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Russell Plato was an employer of Plaintiff Terry within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

67. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Scott Plato was an employer of Plaintiff Terry within the meaning of Wis. Stat. § 109.01(2).

68. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Scott Plato was an employer of Plaintiff Terry within the meaning of Wis. Stat. § 103.001(6).

69. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Scott Plato was an employer of Plaintiff Terry within the meaning of Wis. Stat. § 104.01(3)(a).

70. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Scott Plato was an employer of Plaintiff Terry within the meaning of Wis. Admin. Code § DWD 272.01(5).

71. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Scott Plato was an employer of Plaintiff Terry within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

72. At all times while Plaintiff Terry performed work for Plato Construction, LLC, Defendants failed to pay Plaintiff Terry overtime premium compensation at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty hours in a given workweek in violation of Wisconsin law.

73. Defendants' failure to pay Plaintiff Terry overtime compensation for hours worked in excess of 40 in workweeks between approximately June 2016 and November 2017 was willful, dilatory, and unjust in violation of Wisconsin law.

74. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than thirty-one days prior to the date of payment.

75. As set forth above, Plaintiff Terry has sustained losses in his compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff Terry seeks damages in the amount of his respective unpaid overtime compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

76. Under Wis. Stat. § 109.11, Plaintiff Terry is entitled to civil penalties equal and up to fifty percent of his unpaid wages.

77. Under Wis. Stat. § 109.03(6), Plaintiff Terry is entitled to recovery of his attorneys' fees and the costs incurred in this action to be paid by Defendants.

REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Terry respectfully prays that this Court grant the following relief:

a) An Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin law;

b) An Order finding that Defendants violated the FLSA and Wisconsin wage and hour laws in failing to pay Plaintiff overtime compensation for hours worked in excess of forty in any given workweek in the statutory period;

c) An Order finding that Defendants' violations of the FLSA and Wisconsin law were willful;

d) An Order finding that Defendants' violations of Wisconsin law were dilatory and unjust;

e) Judgment against Defendants in the amount equal to the Plaintiff's unpaid overtime wages at the applicable regular rate mandated by the FLSA and Wisconsin law;

f) An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

g) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

h) Such other relief as the Court deems just and equitable.

Dated this 25th day of January 2019.

Respectfully submitted,

*s/Timothy P. Maynard*
Timothy P. Maynard
SBN 1080953
Larry A. Johnson
SBN 1056619
Summer H. Murshid
SBN 1075404

                                        **Hawks Quindel, S.C.**
222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: (414) 271-8650
Fax: (414) 271-8442
Email(s):   tmaynard@hq-law.com
              ljohnson@hq-law.com
              smurshid@hq-law.com